```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ELDER TECHNOLOGIES, INC., *doing business as* Sage, | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 8/20/2025 |
| Plaintiff, | 1:25-cv-6165 (MKV) |
| -against- | ORDER |
| JULIE VISONE and INSPIREN, INC., | |
| Defendants. | |

MARY KAY VYSKOCIL, United States District Judge:

The Court is in receipt of a number of letters from the parties regarding their submissions in connection Plaintiff's application for emergency relief [ECF Nos. 37, 46, 47, 49, 50].

Plaintiff's request to redact the names of certain nonparties whose names have not already been disclosed in prior filings [ECF No. 37] is temporarily GRANTED.  The parties are on notice, however, that such information may not remain sealed at later stages of this case.

Plaintiff's request to strike Defendants' Objections to the Supplemental Declaration of Udit Raj Mehra [ECF No. 46; *see* ECF No. 43] is DENIED.  While the Court is not strictly bound by the Federal Rules of Evidence in deciding whether to award preliminary injunctive relief, a party is still entitled to raise objections to evidence, as the Court noted in an earlier Order [ECF No. 34].  *See Mullins v. City of New York*, 626 F.3d 47, 51–52 (2d Cir. 2010).

Defendants' request to file the declaration of a computer forensics expert [ECF No. 47] is DENIED as moot.  Plaintiff now admits the testimony in Mehra's Supplemental Declaration that Defendant Julie Visone remotely "wiped" her Sage-issued laptop was false or, at minimum, may have been unfounded [ECF No. 50].

The Court also DENIES Plaintiff's improper attempt to file, after its deadline to submit evidence, a revised version of Mehra's Supplemental Declaration that "removes" his false or

unfounded accusation that Visone remotely wiped laptop [ECF Nos. 50–52], which submission not only violates the Court's earlier Order stating that "the parties will not be permitted to submit additional evidence [after their respective deadlines] absent leave of Court upon a showing of good cause" [ECF No. 36], but also represents an improper attempt to rehabilitate Plaintiff's witness by purporting simply to "remove[]" from the record the admittedly false or unfounded testimony he previously submitted [ECF No. 50].

      The Clerk of Court respectfully is requested to terminate docket entry 37.

**SO ORDERED.**

**Date: August 20, 2025**
**New York, NY**

                                       **MARY KAY VYSKOCIL**
                                       **United States District Judge**